UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No.: 18-CR-338 (TJK) |
| : | |
| JEFFERY CLARK : | |
| : | |
| Defendant. : | |

**JOINT MOTION TO CONTINUE STATUS
HEARING AND FOR EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to continue the currently-scheduled status hearing set for February 7, 2019, to March 13, 2019, or as soon as practicable thereafter; and pursuant to 18 U.S.C. § 3161, to exclude time under the Speedy trial Act from February 7, 2019, to the rescheduled hearing date. Undersigned counsel has spoken with defense counsel and the defense joins in this request. The parties request this continuance and the exclusion of time in order to continue to pursue a disposition of this matter. The exclusion of time is warranted both in light of this Court's previous determination that this is a complex case, and because the ends of justice would be served by a disposition of this matter which would avoid the need to dedicate public resources to conduct a trial in this matter.

**PROCEDURAL HISTORY**

The defendant has been indicted on charges of Unlawful Possession of A Firearm by a Person who is an Unlawful User of a Controlled Substance in violation of 18 U.S.C. § 922(g)(3), and Possession of a Large Capacity Ammunition Feeding Device, in violation of 7 D.C. Code § 2506.01(b). On November 16, 2018, the defendant was arraigned and entered a plea of not guilty

before Magistrate Judge Michael G. Harvey. At that time, Judge Harvey also granted the government's motion to detain the defendant pending trial.

The defendant first appeared before this Court on November 27, 2018. At that time, the parties noted that they were engaged in plea negotiations, and that because of the large amount of electronically stored information that the government seized in connection with this case, discovery would be complex. In response to a joint motion of the parties, this Court agreed that it was in the interest of justice to exclude time under the Speedy Trial Act until the next status date of January 10, 2019. The parties appeared before this Court on January 10, 2019, and based on continuing plea negotiations and ongoing discovery, this Court again granted the parties' joint motion to exclude time under the Speedy Trial Act until the status hearing that is currently scheduled for February 7, 2019.

The parties are continuing to explore a disposition in this matter, and can report that recent conversations between the parties have increased the likelihood of a disposition. Discovery is also ongoing.

## REVELANT LEGAL AUTHORITY

In relevant part, the Speedy trial Act states:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and the making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

However, Section 3161(h)(7)(A) allows the court to exclude a period of delay from the Speedy Trial Act calculation if the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Section 3161(h)(7)(B) sets forth the factors the court shall consider when determining whether to exclude time pursuant to Section 3161(h)(7)(A). Where the court finds that the case is "so unusual or so complex, due to the nature of the prosecution or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established," the court may exclude such time as necessary to serve the ends of justice.  See 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(ii). The Court has broad discretion to grant an exclusion of time when, in its view, the case's complexity requires that counsel have additional time to prepare in order to ensure a fair trial.  *See United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985) ("The Act itself places broad discretion in the District Court to grant a continuance when necessary to allow further preparation.").

The complexity of the instant case, and thus the corresponding complexity of plea negotiations, further justifies the exclusion of time under Section 3161(h)(7)(A). *See also, United States v. Zaitar*, 858 F. Supp. 2d 103, 109 n.7 (D.D.C. 2012) ("In current federal practice, plea negotiations play a vital role. [There is] no reason why an 'ends of justice' continuance may not be granted in appropriate circumstances to permit plea negotiations to continue" (*quoting United States v. Fields,* 39 F.3d 439, 445 (3d Cir.1994)).

## **CONCLUSION**

Wherefore, in accordance with 18 U.S.C. § 3161(h)(7)(A), the parties respectfully request that the Court exclude the time under the Speedy Trial Act from February 7, 2019, to the rescheduled hearing date, to be set on March 13, 2019, or as soon as practicable thereafter.

        Respectfully submitted,

        JESSIE K. LIU
        UNITED STATES ATTORNEY
        D.C. Bar Number 472845

        By:_____/s/_____
        John Cummings
        DC Bar No. 986573
        Assistant United States Attorneys
        National Security Section
        United States Attorney's Office
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-7271
        john.cummings@usdoj.gov