IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 18-CR-338-(TJK) |
| ) | |
| JEFFREY CLARK, ) | |
|       Defendant. ) | |
| ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

    Jeffrey Clark, by his attorney, David W. Bos, Assistant Federal Public Defender, hereby submits the following memorandum in aid of sentencing in this matter. Pursuant to the sentencing factors set forth in 18 U.S.C. §3553(a), as delineated in *Rita v. United States*, 127 S. Ct. 2456 (2007), *Kimbrough v. United States*, 128 S. Ct. 558 (2007), *Gall v. United States*, 128 S. Ct. 586 (2007) and *Nelson v. United States*, 555 U.S. 338 (2009), Mr. Clark respectfully requests the Court to adopt the Recommendation of the United States Probation Department, and impose a sentence of time served (Mr. Clark has been in custody on this offense for a little more than 10 months), followed by 24 months of Supervised Release. Mr. Clark submits that the requested sentence is "sufficient, but not greater than necessary, to comply with the purposes" set forth in 18 U.S.C. §3553. In support of this request, counsel states:

**BACKGROUND**

    1. Mr. Clark appears before the Court after having pled guilty to one count of unlawful possession of a firearm by a person who is an unlawful user of a controlled substance (marijuana), in violation of 18 U.S.C. §922(g)(3).

    2. The instant charge stems from Mr. Clark possessing a properly registered handgun in November of 2018 while being a regular user of marijuana. The handgun was kept inside Mr.

Clark's residence, and Mr. Clark acknowledged to the police at the time of his arrest that he had possessed the weapon while regularly smoking marijuana.

3. The Court accepted Mr. Clark's guilty plea on July 23, 2019. There is no evidence Mr. Clark possessed the firearm in connection with any additional criminal conduct.

4. Mr. Clark has been detained at the D.C. Jail for more than 10 months. *Pre-Sentence Report* (*PSR*) at p. 1. He has been held in Protective Custody for entirety of his detention. By all accounts, Mr. Clark has been a model detainee.

5. Mr. Clark is 30 years old. He appears before the Court as a Criminal History I offender with no Criminal History points, and sentencing range of 10-16 months imprisonment. PSR ¶ 54. Pursuant to the Plea Agreement in this case, the Government has asked for a sentence at of 10 months, to be followed by three years of Supervised Release. *Government's Memorandum in Aid of Sentencing*, ECF Document 20, Case No. 18-338 (TJK).

For the reasons discussed more fully below, Mr. Clark respectfully requests the Court to adopt the Recommendation of the United States Probation Department, and impose a sentence of time served, followed by a period of Supervised Release of 24 months. Mr. Clark submits that the requested sentence is "sufficient, but not greater than necessary, to comply with the purposes" set forth in 18 U.S.C. §3553.

**<u>DISCUSSION</u>**

1. **Overview**

In imposing the sentence in this case, the Court must consider all the factors set forth in 18 U.S.C. §3553(a). *Gall v. United States*, 128 S. Ct. 586 (2007). Pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed

>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B) to afford adequate deterrence to criminal conduct;
>
>   © to protect the public from further crimes of the defendant; and
>
>   (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth in Title 18 U.S.C. §3553(a).

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661:

No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that

[t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

2. Advisory Guideline Calculation

 The Probation Department, using the 2018 edition of the Sentencing Guidelines Manual, has concluded pursuant to U.S.S.G. 2K2.1 that the Total Offense Level in Mr. Clark's case is 12 and that Mr. Clark's Criminal History Category is I. This calculation results in an advisory sentencing range of 10-16 months imprisonment.

 Mr. Clark does not dispute the Probation Department's calculation of the advisory guideline range in this case.

3. Imposition of Sentence

 Pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

 Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

**Nature of the Offense**

 No-one, and certainly not Mr. Clark, disputes that possessing a firearm while using

marijuana is a serious offense. The maximum sentence in this case, however, is 10 years and there is no mandatory minimum sentence under the statute. Congress therefore envisioned that some defendants receive probationary sentences under the statute. As noted above, Mr. Clark is not seeking a probationary sentence in this case; rather, he is requesting a significant period of incarceration for a 30 year old first time offender. With regard to the "nature" of this offense, there is no evidence Mr. Clark possessed the firearm for any purpose other than self-protection. This, of course, does not excuse Mr. Clark's conduct; it does, however, distinguish his case from those cases in which the possession of a firearm was used to engage in additional criminal conduct – such as selling controlled substances or committing armed assaults.

**Character of the Defendant**

Mr. Clark is 30 years old and has no prior criminal convictions. He moved from Utah to District of Columbia when he was 14 years old, and graduated from St. John's College High School in 2007. Mr. Clark is single, and presently lives with his father in northeast, Washington, D.C. Both his father and mother have been present for every court proceeding in this matter. They both regularly visit Mr. Clark at the D.C. Jail, and both remain supportive of their son. Mr. Clark intends to reside with his father upon his release from prison.

As the Court knows, just days before his arrest, Mr. Clark's younger brother, Edward, committed suicide with a handgun. Within a few weeks of his brother's suicide, Mr. Clark was detained in the D.C. Jail in connection with this offense. Edward's suicide, coupled with Mr. Clark's detention at the D.C. Jail for the last 10 months, has caused Mr. Clark to re-evaluate many of the choices he has made in his young life – especially those choices that brought him to the attention of law enforcement. He is deeply sorry for those choices and is committed to

making better choices in the future.

      Mr. Clark understands he has reached a significant crossroad in his young life. He can't escape his past but he has the motivation and support for a brighter future. For the forgoing reasons, therefore, pursuant to the sentencing factors set forth in 18 U.S.C. §3553(a) and in light of sentencing factors set forth in 18 U.S.C. §3553(a) as delineated in *Rita v. United States*, 127 S. Ct. 2456 (2007), *Kimbrough v. United States*, 128 S. Ct. 558 (2007) and *Gall v. United States*, 128 S. Ct. 586 (2007), Mr. Clark respectfully requests the Court to adopt the Recommendation of the United States Probation Department, and impose a sentence of time served, followed by a 24 month period of Supervised Release. Mr. Clark submits that the requested sentence is "sufficient, but not greater than necessary, to comply with the purposes" set forth in 18 U.S.C. §3553.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


        /S/
David W. Bos
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Clark, DC  20004
(202) 208-7500